IN THE FEDERAL DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Vadym Bryydli )<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>Sentinel Real Estate Corp. )<br> And )<br>Sentinel Office Payroll Corp. )<br>    Defendants ) | CIVIL ACTION<br><br>FILE NO. _____<br><br>JURY DEMANDED |

## COMPLAINT

COMES NOW Vadym Bryydli ("Plaintiffs" or "Mr. Bryydli") and hereby files this his Complaint against Defendants Sentinel Real Estate Corp., a corporation organized under the laws of the State of New York ("Sentinel Real Estate") and Sentinel Office Payroll Corp., a corporation organized under the laws of the State of New York ("Sentinel Office") (Sentinel Real Estate and Sentinel Office each a "Defendant" and collectively "Defendants")

## JURISDICTION AND VENUE

1.

Defendant Sentinel Real Estate Corp. is a corporation organized under the laws of the State of New York ("Sentinel Real Estate"). Sentinel Real Estate has registered to transact business in the State of Georgia with the Georgia Secretary of

State.  On Sentinel Real Estate's last annual registration with the Georgia Secretary of State, it provided as its registered agent: Corporation Service Company, with an address of 40 Technology Pkwy South, #300, Norcross, GA, 30092, which is in Gwinnett County Georgia.  Service may be made upon Defendant through this Registered Agent, or as otherwise permitted by law.

2.

Defendant Sentinel Office Payroll Corp. is a corporation organized under the laws of the State of New York ("Sentinel Office").  Sentinel Office has *not* registered to transact business in the State of Georgia with the Georgia Secretary of State.  Sentinel Office's registered agent with the Secretary of State of the State of New York is also Corporation Service Company, which can be served at 40 Technology Pkwy South, #300, Norcross, GA, 30092, which is in Gwinnett County Georgia.  Service may be made upon Defendant through this Registered Agent, or as otherwise permitted by law.

3.

Defendant Sentinel Real Estate Corp. is subject to the jurisdiction and venue of this Court as it is registered to transact business in the State of Georgia with the Georgia Secretary of State.  Each Defendant has transacted business in the State of Georgia generally through continuous and persistent business transactions,

deriving substantial revenue from business in the State of Georgia. Defendants have further transacted business regarding Plaintiff specifically, by employing and paying him, and operating the subject apartment community in Georgia where he worked, and directing communications to Plaintiff in the State of Georgia regarding his employment.

4.

Plaintiff Vadym Bryydli is a natural person domiciled in the State of Georgia.

5.

Venue is proper in this Court as its jurisdiction encompasses Gwinnett County and Fulton County, Georgia. Defendant Sentinel Real Estate has its registered agent in Gwinnett County, Georgia. Defendant Sentinel Office is jointly and severally liable with Defendant Sentinel Real Estate. The subject business location where Plaintiff worked for Defendants was The Oaks at John Creek located at 11000 Lakefield Pl., Johns Creek GA 30097, in Fulton County Georgia.

6.

Jurisdiction is proper based upon 28 U.S.C. § 1331 because the action arises under the laws of the United States, including the Fair Labor Standards Act.

7.

Defendants have annual sales in excess of $500,000.

8.

Defendants engage in interstate commerce.

## COUNT I: VIOLATION OF F.L.S.A.

9.

On or about July 15, 2014, Plaintiff was hired to work as a Maintenance Technician at The Oaks at Johns Creek apartment complex, which is located at 11000 Lakefield Pl, Johns Creek, GA 30097, in Fulton County Georgia.

10.

Plaintiff was employed by Defendant Sentinel Real Estate Corporation.

11.

Plaintiff was employed by Defendant Sentinel Office Payroll Corporation.

12.

Plaintiff's position was changed thereafter to Maintenance Supervisor.

13.

Plaintiff's regular rate of pay was $22.15 per hour.

14.

Plaintiff was terminated on October 28, 2016 and provided with a Notice of Employee Separation.

15.

The reason stated for Plaintiff's termination on his Notice of Employee Separation was "Insubordination (*be specific*) *: M41".

16.

This reason for termination was false.  Plaintiff was not insubordinate.

17.

Plaintiff was initially hired to work from Monday through Friday, from 8:00am until 4:30pm, with a one-half hour lunch hour, which would be 40 hours per week.

18.

When a new General/Property Manager started at the property, Plaintiff's hours were changed to Monday through Friday, from 8:00am to 5:00pm, with a one hour lunch hour, which would be 40 hours per week.

19.

When Plaintiff came to work, he would clock in and clock-out on a time-clock, and the exact times for clock in and clock out were frequently not exactly 8:00am, 4:30pm or 5:00pm.

20.

Defendants suffered and permitted Plaintiff to work in excess of the minimum start and end times, and knew or had reason to know that Plaintiff continued to work in excess of hours which would accrue under the minimum start and end times.  Plaintiff is entitled to be paid for the entire time of his work. See 29 CFR 785.11 – 785.13.

21.

Plaintiff's working hours for his ordinary daily work, when transmitted for payment by payroll, were altered by Defendants, and rounded down.  This rounding is evident in his payroll stubs which show round numbers for working hours (e.g. round 80 hours per 2 week pay period) instead of always including work he performed in excess of 40 hours per week.

22.

Plaintiff was also asked to periodically return to the property after his normal Monday-Friday working hours to perform urgent maintenance needs, such as fixing a resident's air-conditioning or heater, or a water leak.

23.

Plaintiff was also asked to come work on weekends or other times to operate the community trash compactor and clean up debris surrounding the trash compactor.

24.

Plaintiff diligently performed his work.  However, Plaintiff became aware that he was working more than 40 hours per week, and that Defendants were not willing to pay him for overtime on all hours he worked in excess of 40 hours per week.

25.

Plaintiff complained to Defendants and sought to be paid for his hours and overtime.

26.

Defendants improperly retaliated against Plaintiff by terminating his employment based upon his insistence that Defendants comply with the law.

27.

Defendants improperly attempted to calculate his average weekly hours based upon an 80-hour two-week pay period, instead of paying Plaintiff overtime based upon hours worked in a 7-day consecutive period.

28.

Defendants breached the Fair Labor Standards Act by failing to pay Plaintiff for each of the hours which he worked.

29.

Defendants breached the Fair Labor Standards Act by failing to pay Plaintiff overtime for each of the hours which he worked in excess of 40 hours per week.

30.

Defendants' breaches of the Fair Labor were not made in good faith. Defendants had no reasonable grounds for believing that their acts or omissions were not a violation of the Fair Labor Standards Act.  Plaintiff is entitled to liquidated damages.

31.

Defendants' violations of the Fair Labor Standards Act were willful. Plaintiff is entitled to recover for causes of action for unpaid minimum wages,

overtime compensation and liquidated damages under the Fair Labor Standards Act, which accrued within three years before this action was filed.

32.

Plaintiff is entitled to recover from Defendants his unpaid wages and overtime compensation, payment of wages lost, an equal amount as liquidated damages, attorney's fees and expenses, costs of the action, and all other rights and remedies allowed by law. See 29 U.S.C. 216(b).

WHEREFORE, Plaintiff prays:

(a) That summons issue with service upon Defendants;

(b) that this Court render judgment in favor of Plaintiff and against Defendants;

(c) that this Court award to Plaintiff his unpaid wages and overtime compensation, payment of wages lost, an equal amount as liquidated damages, attorney's fees and expenses, and costs of the action;

(d) that Plaintiff have a trial by jury of twelve on all counts so triable; and

(e) that this Court enter such other and further relief as is just and proper under the circumstances.

Respectfully submitted this 8th day of November, 2016

/s/ James R. Fletcher II
James R. Fletcher II
Georgia Bar No. 232541
Fletcher Law Firm LLC
PO Box 88925
Atlanta GA 30356
Phone: 404-409-5665
Email: Jim@JimFletcher.net
Attorneys for Plaintiff