# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into between Vadym Bryydli ("Bryydli") and Sentinel Real Estate Corporation ("Sentinel Real Estate") and Sentinel Office Payroll Corp. ("Sentinel Office") (collectively referred to herein as "the Defendants"). Bryydli, Sentinel Real Estate and Sentinel Office are sometimes collectively referred to herein as "the Parties."

## Recitals

A. Bryydli filed a lawsuit against Sentinel Real Estate and Sentinel Office in the U.S. District Court for the Northern District of Georgia, Atlanta Division, identified as *Bryydli v. Sentinel Real Estate Corporation and Sentinel Office Payroll Corp.*, Case No. 1:16-cv-04173-TWT (the "Lawsuit"). The Lawsuit alleges violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"), retaliation, and seeks damages.

B. Sentinel Real Estate and Sentinel Office have been served with the Lawsuit, filed Answers and Defenses, and denied and continue to deny liability to Bryydli for the matters alleged or which could have been alleged in the Lawsuit. Defendant Sentinel Office has denied and continues to deny that it has ever employed Bryydli.

C. The Parties desire to settle this lawsuit and any other claims Bryydli may have against the Defendants upon the terms and in the manner herein provided to avoid the uncertainty, expense and burden of this litigation and any and all other actions and proceedings that might arise out of the same or related matters based on any act which has occurred at any time up to and including the date of the execution of this Agreement.

D. Sentinel Real Estate is willing to provide Bryydli with certain consideration described below, which it is not ordinarily required to, provided Bryydli dismisses his Lawsuit with prejudice, releases the Defendants from any claims Bryydli has made or might make arising out of his employment with the Defendants or his associations with the Defendants, and agrees to comply with the other promises and conditions set forth in this Agreement.

## Agreement

1. **"Sentinel Real Estate" Defined:** Throughout this Agreement, the term "Sentinel Real Estate" shall encompass the following: (a) Sentinel Real Estate Corporation, and any subsidiaries, parent companies, predecessors, affiliated entities, related entities, or divisions thereof; and (b) any current or former partner, officer, director, trustee, agent, employee, representative, insurer, or employee benefit or welfare program or plan (including the administrators, trustees, fiduciaries, and insurers of such program or plan) of an entity referenced in or encompassed by this definition.

2. **"Sentinel Office" Defined:** Throughout this Agreement, the term "Sentinel Office" shall encompass the following: (a) Sentinel Office Payroll Corp. and any subsidiaries, parent companies, predecessors, affiliated entities, related entities, or divisions thereof; and (b) any current or former partner, officer, director, trustee, agent, employee, representative, insurer,

or employee benefit or welfare program or plan (including the administrators, trustees, fiduciaries, and insurers of such program or plan) of an entity referenced in or encompassed by this definition.

**3.** **Dismissal of the Lawsuit with Prejudice:** Upon execution of this Agreement, the Parties' counsel shall cause to be filed a joint motion for approval of settlement and draft order regarding the same.  The Parties further agree that they and their counsel will mutually make every reasonable effort to ensure that the Court approves the Parties' settlement agreement and dismisses the Lawsuit *with prejudice.*

**4.** **Settlement Consideration:**  In exchange for the promises set forth in this Agreement, Sentinel Real Estate shall pay Bryydli the gross sum of Nine Thousand Dollars and 00/100 ($ 9,000.00) (the "Settlement Proceeds"), as set forth below and as follows:

- A. To Bryydli in the amount of Three Thousand dollars and no/100's ($3,000.00), less all legally required withholding taxes and payroll deductions (calculated based on the form W-4 already on file for Bryydli), as payment for claimed but disputed lost wages, for which Sentinel Real Estate will issue or cause to be issued to Bryydli an IRS Form W-2.  This amount is comprised of claimed back pay damages, including overtime pay, represents a compromise of disputed issues, and is thus a reasonable allocation to lost wages.

- B. To Bryydli in the amount of Three Thousand dollars and no/100's ($3,000.00), as payment for claimed but disputed non-economic damages, from which no withholdings will be made and for which Sentinel Real Estate will issue or cause to be issued to Bryydli an IRS Form 1099. This amount is comprised of liquidated damages claimed under the FLSA and non-wage compensatory damages, and also represents a compromise of disputed issues.  Because the payment of liquidated damages is mandated by the FLSA, $3,000.00 is a reasonable allocation to liquidated and other non-economic damages.

    The Parties agree that the amount specified herein is for non-economic damages allegedly suffered by Bryydli. Based on representations by Bryydli, the Parties agree that this is a fair and reasonable apportionment of this settlement amount. In paying this amount, the Defendants make no representation as to the tax consequences or liability arising from said payment. To this extent, Bryydli acknowledges and agrees that he shall be solely responsible for and will pay any and all taxes that may be determined to be owed by Bryydli in connection with this payment and any other payments provided for within attorneys' fees, costs and this Agreement; and

- C. To the Fletcher Law Firm, LLC (Tax ID No. 46-5747795) in the amount of Three Thousand dollars and no/100's ($3,000.00).  This amount represents payment of all attorneys' fees, costs and expenses incurred by

2

                Bryydli's Counsel in this matter for Bryydli and of all expenses incurred by Bryydli's Counsel for the entire matter.  Sentinel Real Estate will issue an IRS form 1099 to the Fletcher Law Firm for this payment.

        D.        Sentinel Real Estate shall provide the consideration identified in this paragraph 3(A), 3(B), and 3(C) within ten (10) business days after receiving all of the following items: (1) a copy of this Agreement appropriately signed and dated by Bryydli; (2) an Order from the Court approving the settlement between the Parties and dismissing, with prejudice, all claims against the Defendants in the matter of *Bryydli v. Sentinel Real Estate Corporation and Sentinel Office Payroll Corp.*, Case No. 1:16-cv-04173-TWT (the "Lawsuit"); and (3) IRS Form W-9s from Bryydli and his counsel of record, James R. Fletcher, II, Esq.

      **5.**      **Tax Liability:**  In paying the amount specified in paragraph 3, Defendants make no representation regarding the tax consequences or liability arising from said payments.  Bryydli understands and agrees that any and all tax liability that may be due or become due because of the payments referenced above is his sole responsibility, and that he will pay any such taxes that may be due or become due.  Defendants have no monetary liability or obligation regarding payment whatsoever (other than delivering valid checks in the sums referenced in this Agreement to Bryydli as required by its terms).  Bryydli agrees to bear all tax consequences, if any, attendant upon the payment to his of the above-recited sums.  Bryydli further agrees to hold Defendants harmless from and against any tax or tax withholding claims, amounts, interest, penalties, fines or assessments brought or sought by any taxing authority or governmental agency with regard to the above recited sums.  In the event Defendants receive written notice that any claim or assessments for taxes, withholding obligations, penalties and/or interest arising out of this settlement are being or will be made against them, they shall promptly, after receipt of such written notice, notify Bryydli by letter sent to counsel for Bryydli.

      **6.**      **No Re-Employment:** Bryydli permanently, unequivocally, and unconditionally waives any and all rights Bryydli may now have, may have had in the past, or may have in the future to obtain and/or resume employment with Sentinel Real Estate and/or Sentinel Office.  Bryydli agrees never to apply for employment with any of the Defendants.  In the event that Bryydli is ever mistakenly employed by any of the Defendants, Bryydli agrees to have his employment terminated with no resulting claim or cause of action against any of the aforementioned entities and individuals, their parents, successors, affiliates, and/or subsidiaries.  Bryydli acknowledges and agrees that he has no right to employment or re-employment with either Sentinel Real Estate or Sentinel Office and they may legally refuse to employ him. In addition, Bryydli agrees and promises that he will not ever be present at, visit in person, or otherwise set foot on the Windward Place (3080 Market Pl, Alpharetta, GA 30005) or at the Oaks at Johns Creek (11000 Lakefield Pl, Johns Creek, GA 30097) properties owned by Sentinel Real Estate.

      **7.**      **Employment Verification:**  Upon inquiry by any prospective employer of Bryydli, Sentinel Real Estate will provide dates of employment, position held, and confirmation of pay rate in accordance with its applicable policies and procedures.  Any request for a

verification of employment should only be directed to Sentinel Real Estate's Personnel Department or Personnel Manager.

      **8.**   **General Release and Waiver of Claims:** Upon receipt of the payments described herein, Bryydli (for himself, his agents, assigns, heirs, executors, and administrators) releases and discharges Sentinel Real Estate and Sentinel Office and each of their parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, reinsurers, successors, and assigns, if any, and their current and former employees, attorneys, officers, directors, and agents thereof, both individually and in their business capacities, if any and their employee benefit plans and programs and their administrators and fiduciaries, if any (collectively referred to throughout the remainder of this Agreement as the "Released Parties"), from any claims which were or which could have been asserted in the Lawsuit and any claim, demand, action, or cause of action, known or unknown, which arose at any time from the beginning of time to the date he executes this Agreement, and waives all claims relating to, arising out of, or in any way connected with his employment with Sentinel Real Estate and/or Sentinel Office, the cessation of that employment, alleged employment, or association, the compensation or benefits payable in connection with that employment, or the cessation of that employment, alleged employment, or association, any property left in the possession of Sentinel Real Estate and Sentinel Office, and/or any other interaction with Sentinel Real Estate and Sentinel Office, including (without limitation) any claim, demand, action, or cause of action, including claims for attorneys' fees, based on but not limited to: (a) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), et seq.; (b) the Genetic Information Non-Discrimination Act; (c) the Immigration Reform and Control Act; (d) The Americans With Disabilities Act of 1990, as amended, including amendments by the Americans With Disabilities Act Amendments Act, 42 U.S.C. § 12101, et seq.; (e) The Equal Pay Act, as amended, 29 U.S.C. § 206, et seq.; (f) The Lilly Ledbetter Fair Pay Act of 2009; (g) The Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601, et seq.; (h) the National Labor Relations Act, 29 U.S.C. § 151, et seq.; (i) The Employee Retirement Income Security Act, as amended, 29 U.S.C. § 1001 et seq.; (j) The Fair Credit Reporting Act, as amended, 15 U.S.C. § 1681 et seq.; (k) The Civil Rights Act of 1866, 42 U.S.C. § 1981 et seq.; (l) The Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. (the "ADEA"); (m) the Older Workers Benefit Protection Act; (n) the Sarbanes-Oxley Act of 2002; (o) the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.; (p) Georgia Code Ann. § 34-1-2; 34-6A-4 and § 45-19-20 et seq. (q) any agreement, representation, promise, understanding, policy, practice, plan, or potential entitlement (regardless of the source); (r) past or future wages, severance, compensation, vacation pay, benefits, bonuses, commissions, fringe benefits, or other forms of consideration, payment, or remuneration, except for claims to enforce payment of those sums explicitly identified in Section 4; (s) any other federal, state, or local law, whether arising or emanating from statute, executive order, regulation, code, common law, or other source, including, but not limited to, all actions sounding in tort, contract, and/or any doctrine of good faith and fair dealing.

      Bryydli further forgoes any and all rights to participate in a class or collective action alleging violations of any of the above laws, including those brought under the FLSA, and Bryydli further covenants and agrees not to accept, recover or receive any back pay, front pay, liquidated damages, other damages or any form of relief based upon any claims that have been asserted, could have been unasserted or settled in this lawsuit that may arise out of, or in connection with, any other individual, class or administrative remedies pursued by any state or

local governmental agency against the Released Parties.  Finally, the above release excludes any claim which cannot be released by private agreement.

This agreement shall not apply to rights or claims that may arise after the execution of this agreement; nor shall any provision of this agreement be interpreted to waive, release, or extinguish any rights that – by express and unequivocal terms of law – may not under any circumstances be waived, released, or extinguished, and nothing in this Agreement shall prohibit Bryydli from filing a complaint with a government agency, although if he does, Bryydli covenants and agrees not to accept, recover or receive any back pay, front pay, liquidated damages, other damages in any form through such governmental proceeding.

**9.     Affirmations:**  Bryydli represents and affirms that, other than this Lawsuit, he has no suits, claims, charges, complaints or demands of any kind whatsoever currently pending against any of the Released Parties with any local, state, or federal court or any governmental, administrative, investigative, civil rights or other agency or board.  Bryydli further represents and affirms as a material term of this Agreement that he has been paid and/or received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits are due him, except as provided for in this Agreement.

**10.    Company and Personal Property:**  Bryydli affirms that, by the time he executes this Agreement, he has returned all equipment, documents, memoranda, records, files, notes, diskettes, credit cards, keys, computers, and any other matter or materials (from whatever source, including information electronically stored) that is the property of, or that was purchased or provided by any of the Released Parties, including any copies of the foregoing.

**11.    Acknowledgment**:   Bryydli represents, acknowledges, and affirms that he has never been an employee of Sentinel Office Payroll Corp.

**12.    Notice Requirements:**  Any notice ("Notice") provided for under this Agreement must comply with the requirements as set forth in this paragraph.  Each Notice shall be in writing and sent by facsimile or depositing it with a nationally recognized overnight courier service that obtains receipts (such as Federal Express or UPS Next Day Air), addressed to the appropriate party (and marked to a particular individual's attention, if so indicated) as hereinafter provided.  Each Notice shall be effective upon being so telecopied or deposited, but the time period in which a response to any notice must be given or any action taken with respect thereto shall commence to run from the date of receipt of the Notice by the addressee thereof, as evidenced by the return receipt.  Rejection or other refusal by the addressee to accept or the inability to deliver because of a changed address of which no Notice was given shall be deemed to be the receipt of the Notice sent.  Any party shall have the right from time to time to change the address or individual's attention to which notices to it shall be sent by giving to the other party at least ten (10) days prior Notice thereof.  The Parties' addresses for providing Notices hereunder shall be as follows:

Vadym Bryydli
c/o James R. Fletcher, II
Fletcher Law Firm, LLC
2993 Sandy Plains Rd Suite 225B


Marietta GA 30066

Sentinel Real Estate Corporation
Sentinel Office Payroll Corp.
c/o Benson Pope
Tasha K. Inegbenebor
Littler Mendelson, P.C.
3344 Peachtree Road, N.E.
Suite 1500
Atlanta, Georgia 30326

**13.** **No Admission of Liability:**  The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants of any liability or unlawful conduct of any kind, and in fact Sentinel Real Estate and Sentinel Office expressly deny any liability whatsoever to Bryydli.

**14.** **Headings:**  The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

**15.** **Modification of Agreement:**  This Agreement may not be amended, revoked, changed, or modified in any way, except in writing executed by all Parties.  Bryydli agrees not to make any claim at any time or place that this Agreement has been verbally modified in any respect whatsoever.  No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.  The Parties acknowledge that only Defendants' in-house counsel has the authority to modify this Agreement on behalf of Defendants.

**16.** **Successors:**  This Agreement shall apply to, and inure to the benefit of, the predecessors, successors, and assigns of Sentinel Real Estate and Sentinel Office, and each past, present, or future employee, agent, representative, officer, or director of Sentinel Real Estate and Sentinel Office and any division, subsidiary, parent, or affiliated entity of Sentinel Real Estate and Sentinel Office.

**17.** **No Assignment:**  The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this Agreement, that the Parties have the sole right and exclusive authority to execute this Agreement, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this Agreement.

**18.** **Entire Agreement:**  This Agreement sets forth the entire Agreement between the Parties hereto, and fully supersedes any prior obligation of Sentinel Real Estate and Sentinel Office to Bryydli, except that it shall not supersede any agreement related to confidential and proprietary information, inventions, patents and copyrightable works.  Bryydli acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in

connection with his decision to accept this Agreement, except for those set forth in this Agreement.

      19. **Severability:** The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the Agreement.  The Parties acknowledge and agree that the provisions of this Agreement are both reasonable and enforceable. However, the provisions of this Agreement are severable, and the invalidity of any one or more provisions shall not affect or limit the enforceability of the remaining provisions.  In the unlikely event, therefore, that a court of competent jurisdiction determines that any of the terms, provisions, or covenants of the Agreement are unreasonable, the court shall limit the application of any such term, provision or covenant, or modify such term, provision or covenant and proceed to enforce those terms as so limited or modified.

      20. **Time Is Of The Essence:**   Time is of the essence as to every provision of this Agreement.

      21. **Applicable Law:**  This Agreement shall be interpreted, enforced, and governed under the laws of the State of Georgia.

      22. **Non-waiver:**  The waiver by any Party or Parties of a breach of any provision of this Agreement by any other Party or Parties shall not operate or be construed as a waiver by the non-breaching Party or Parties of any subsequent breach by the breaching Party or Parties.

      23. **Counterparts and Right:**  This Agreement may be signed in counterparts, which together shall constitute one agreement. If this Agreement is signed in counterparts, no signatory hereto shall be bound until all Parties named below have duly executed, or caused to be duly executed, a counterpart of this Agreement.  Copies, facsimiles and emails containing an executed copy of the Agreement shall be equivalent to originals with respect to this Agreement.

      24. **Knowledge and Understanding:**  The Parties declare and agree that they have been advised to consult with an attorney prior to executing this Agreement and they have availed themselves of all opportunities they deem necessary to make a voluntary, knowing, and fully informed decision with respect to this settlement and this Agreement.

      25. **Complete Agreement:**   This Agreement sets forth the complete agreement between the Parties.

**BY SIGNING THIS AGREEMENT, THE PARTIES STATE THAT: THEY HAVE READ IT; THEY UNDERSTAND IT AND KNOW THAT THEY ARE GIVING UP IMPORTANT RIGHTS; THEY AGREE TO ALL THE TERMS CONTAINED HEREIN; THEY ARE AWARE OF THEIR RIGHT TO CONSULT WITH AN ATTORNEY; AND THEY HAVE SIGNED THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.**

<div align="center">[Signatures on Following Page]</div>

Vadym Bryydli

By: _____
    Vadym Bryydli

Dated: _____

Sentinel Real Estate Corporation

By: _____[signature]_____

Title: __Managing Director_____

Dated: _____6/8/17_____

Firmwide:147260218.5 035399.1011

Vadym Bryydli                                          Sentinel Real Estate Corporation

By: _____                        By: _____
     DocuSigned by: /s/ Vadym Bryydli
     20ABF785D186464...
     Vadym Bryydli                            Title: _____

Dated:   6/14/2017 _____                 Dated: _____

Firmwide:147260218.5 035399.1011

8